Elias R. Perrine, Respondent, *v.* The Ransom Gas Machine Company, Appellant.

*Motion to set aside the service of a summons on a foreign corporation — what is sufficient proof that the party served was its managing agent — proof that no person was designated, and that no officer enumerated in the Code, § 432, subd. 1, was in the State.*

Upon a motion made by a foreign corporation to set aside the service of a summons in an action brought against it, upon the ground that said service was not made in compliance with section 432 of the Code of Civil Procedure, the affidavits submitted in support of the motion were made by one Dorschel upon whom the service was made and whom the plaintiff claimed was the managing agent of the corporation. Such affidavits alleged that Dorschel was not " the President, Vice-President, Treasurer or Secretary of defendant foreign corporation, nor does he hold any office in the company performing corresponding functions; " that such officers are all of Milwaukee, the home of the defendant;

that the defendant "has no property within this State, as deponent is informed and verily believes, and that deponent is not the cashier, director or the managing agent of defendant foreign corporation; that defendant has no office or place of business in this State, nor has it any business in this State of any kind or nature, nor has deponent anything whatever to do with the management of the business of the defendant;" that he was not a stockholder or director of the corporation, and that his sole connection therewith consisted in the fact that he had secured from the corporation an option for the sale of certain rights.

The opposing affidavits alleged that the principal part of the defendant's business was the sale of certain patent rights, and that, so far as transactions touching such sales were conducted in the city of New York, the defendant acted through said Dorschel as its attorney in fact; that said Dorschel was represented as having full power and authority to make any contract under seal or otherwise in regard to such transactions; that, relying upon such authority, the plaintiff entered into the contract sued upon and paid to Dorschel a portion of the consideration for which he receipted in the name of the defendant; that "deponent believes that no officer or other manager of the defendant corporation was present in the State and acting as such officer or manager during the occasions hereinbefore referred to;" that Dorschel had repeatedly stated that he was the principal stockholder in the defendant corporation, and that he had the entire management of the corporation's business, except so far as the local retail trade was concerned.

*Held,* that the court was justified in finding that Dorschel was the managing agent of the defendant in the State of New York, in so far as the subject-matter of the litigation was concerned;

That the moving papers practically admitted that the corporation had designated no person upon whom service could be made, and that the other officers enumerated in subdivisions 1 and 2 of section 432 of the Code of Civil Procedure could not, with due diligence, be found within the State, and that for this reason it was unnecessary for the plaintiff to furnish more affirmative proof of these facts than he had done.

Van Brunt, P. J., and Rumsey, J., dissented from the latter proposition.

Appeal by the defendant, The Ransom Gas Machine Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of January, 1901, denying the defendant's motion to set aside the service of the summons as not in compliance with section 432 of the Code of Civil Procedure, said defendant being a foreign corporation.

It is alleged in the complaint that on or about the 15th day of January, 1900, in the city of New York, the plaintiff entered into a

verbal agreement with the defendant company, a Wisconsin corporation, whereby the latter agreed to sell, transfer and assign to Charles N. Heath as trustee for the purpose of having the same assigned to a company to be organized by the plaintiff, certain rights in and for the State of New Jersey under letters patent, for the manufacture and sale of the Ransom gas machine, in consideration of $5,000 to be paid by the plaintiff previous to such assignment; that the plaintiff, relying upon this agreement, expended large sums of money in promoting a company, and on or before the 20th day of September, 1900, duly performed his part of the contract, but the defendant company refused to make the assignment. Judgment was asked restraining the defendant from making any assignment conflicting with the plaintiff's New Jersey rights, and that the defendant be directed to assign such rights to the plaintiff in accordance with its contract.

The summons was served within this State upon Lucas D. Dorschel, on December 17, 1900, plaintiff claiming that he was defendant's managing agent. On January eleventh the defendant moved to vacate and set aside the service of the summons on the ground that said service did not comply with the statute. Meanwhile the defendant's time to answer was extended by stipulation.

In support of the motion, Lucas D. Dorschel averred that he is not "the President, Vice-President, Treasurer or Secretary of defendant foreign corporation, nor does he hold any office in the company performing corresponding functions;" that such officers are all of Milwaukee, the home of the defendant; that the defendant "has no property within this State, as deponent is informed and verily believes, and that deponent is not the cashier, director or the managing agent of defendant foreign corporation; that defendant has no office or place of business in this State, nor has it any business in this State of any kind or nature, nor has deponent anything whatever to do with the management of the business of the defendant."

In opposition to the motion the plaintiff averred " that in arranging and conducting the sales of these patent rights, so far as transactions touching the same are carried on in the city of New York, and also in Philadelphia and Trenton, the defendant corporation has acted through Lucas D. Dorschel as its attorney-in-fact. That said Dorschel is represented as having full power and authority to make

any contract or agreement, under seal or otherwise, in regard to such transactions;" that the principal part of defendant's business at the present time is the sale of such patent rights and not in the manufacture, sale or use of the machine upon which letters patent were obtained; that Dorschel has negotiated for the defendant for a number of such sales in the State of New York, and has disposed of options on patent rights for New York, New Jersey and other States and for European countries; that relying upon such authority the plaintiff entered into the contract aforementioned and has paid to Dorschel $3,000, for which he receipted in the name of the defendant; that "deponent believes that no officer or other manager of the defendant corporation was present in the State and acting as such officer or manager during the occasions hereinbefore referred to, or at the time of the service of the summons and complaint;" that Dorschel had repeatedly informed the plaintiff that he was the principal stockholder· in the defendant corporation and that he had the entire management of the corporation's business except so far as the local retail trade was concerned.

A counter affidavit by Dorschel denies that he ever informed the plaintiff that he was the principal stockholder and had the entire management of the defendant corporation, and avers that he is not a stockholder or director, nor in any way connected with the corporation except that on January 12, 1900, he secured from the defendant an option for the sale of certain territory and to that extent received from the defendant a power of attorney, and if he succeeded in disposing of any of the territory was to be paid therefor; that referring to the portion of the plaintiff's affidavit that no other officer or other manager of the defendant corporation was present in the State and acted as such during the occasions mentioned, or at the time of the service of the summons and complaint, "deponent avers that the defendant corporation has not at any time had any dealings with the plaintiff."

There is also presented, in opposition to the motion, an affidavit by the notary who took Dorschel's acknowledgment, given when the instrument purporting to grant to ₚplaintiff an option for New England States, at which time Dorschel deposed that he was duly appointed by the directors of the defendant company with power to sell, transfer and assign State rights and authority, and to use the

seal of the company in contracts made by him in relation thereto. In another affidavit it is averred by one Jones that Dorschel had told him that he was the principal stockholder and had the management of the corporation except as to local trade.

The motion to set aside the service of the summons was denied, the court saying: "It sufficiently appears that Dorschel is the managing agent of the defendant in so far as the subject-matter of this litigation is involved."

From the order so entered denying the motion, the defendant brings this appeal.

*Clarence D. Cruikshank,* for the appellant.

*Alfred R. Page,* for the respondent.

O'BRIEN, J.:

In regard to service of a summons on a foreign corporation, section 432 of the Code of Civil Procedure provides that it shall be made on certain officers specified in subdivision 1 or upon "a person designated for the purpose by a writing  *  *  *  filed in the office of the Secretary of State;" and by subdivision 3 of the same section it is provided: "If such a designation is not in force or if neither the person designated nor an officer specified  *  *  * can be found with due diligence, and the corporation has property within the State or the cause of action arose therein," service can be made by delivering a copy of the summons "to the cashier, a director or a managing agent of the corporation within the State." That the cause of action alleged arose in this State appears from the complaint.

Upon the affidavits we would not be justified in reaching a conclusion different from that of the Special Term in holding that Dorschel, for the purposes of this litigation, must be regarded as the managing agent of the defendant in this State. It will be noticed that the motion to set aside the service is not made upon affidavits of any officer of the corporation, but is supported solely by Dorschel's own affidavits, who, though in this as in other matters connected with the defendant's business in this State, appears to have been the only one here engaged in managing its affairs, asserted that he was not the managing agent. The answering affidavits show that he had made different statements as to his relation to the

corporation, and though the agency itself could not be proved solely by his declarations to third parties, they would militate and destroy the force of his statements and the conclusion in his affidavits that he was not the managing agent. In view of his relation to the corporation, the fact that he alone represented it in this State under a power of attorney, together with the other facts appearing, the question of his agency was left for the determination of the judge at Special Term, with whose conclusion we think we should not interfere.

It is insisted, however, that even if Dorschel is the managing agent of the corporation, the plaintiff has not complied with the provisions of the Code entitling him to make service upon him because he has failed to show that there was no person designated upon whom service could have been made or that he used due diligence to serve one of the officers of the defendant specified.

The defendant is right in contending that under the Code, before there can be service upon a managing agent, it must be made to appear that no person has been designated upon whom service could be made and that the other officers enumerated cannot with due diligence be found within the State. But although these facts must appear, in determining the amount of proof that should be given by the plaintiff, it is important to keep in mind the manner in which the question is usually, as it is here, presented to the court. The plaintiff, in the first instance, assumes the responsibility of serving the proper party. Should the defendant then desire to have such service set aside, he proceeds to do so upon a motion and by affidavits tending to show that the person served was not the proper party. If upon his showing it appears that no person was designated upon whom service could be made, and that the other officers of the corporation specified could not with due diligence be served within the State, it is entirely unnecessary for the plaintiff to affirmatively make proof of what is admitted.

Although insisting that plaintiff did not prove these essential facts, the defendant entirely overlooks what clearly appears from its own affidavits that such facts are virtually admitted. Thus Dorschel swore that the officers upon whom service could be made are all of Milwaukee, the home of the defendant, and that the defendant " has no property within this State; * * * that defendant has no

office or place of business in this State, nor has it any business in this State of any kind or nature." And the inference thus to be drawn, that there was no designation filed because the corporation did no business here and had no office or officer here, is supported by that portion of the plaintiff's affidavit which is not denied, that "deponent believes that no officer or other manager of the defendant corporation was present in the State and acting as such officer or manager during the occasions hereinbefore referred to, or at the time of the service of the summons and complaint," and by two of the opposing affidavits which aver that Dorschel had stated that he was the principal stockholder in the defendant corporation and had the entire management of its business within this State.

In view of the fact, therefore, that the only ground upon which the motion to set aside the service was based was that Dorschel was not the managing agent, and that in the affidavits in support of the motion — inferentially if not expressly — it appears that no designation had been made, and no officer of the company could, with due diligence, be found within the State, we think that the proof presented by the plaintiff, though slight, was sufficient. We do not hold that the requirements of the Code referred to are to be ignored, but, on the contrary, they are to be given reasonable force and effect; and were it not for the defendant's attitude upon the motion in regard to these matters, more would have been required of the plaintiff. In other words, where, upon a motion to set aside the service, it is practically admitted that no person was designated and that none of the other officers than the managing agent could be found, it is unnecessary to furnish affirmative proof of these facts.

The manner in which the questions are presented is important, and for that reason we have called attention to the fact that the motion here was made by the defendant, and in the affidavits in support of the motion it is shown that diligent search would be idle. Apart from this, we think the plaintiff has shown in the opposing affidavits that diligence would not have discovered an officer of the defendant or any proper person other than Dorschel upon whom to make service because he alleges that there is no such person in the State, and this is not denied.

We think, therefore, that the order was right and should be affirmed, with ten dollars costs and disbursements.

PATTERSON and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., and RUMSEY, J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent from the conclusion arrived at in this case. Section 432 of the Code provides how a service may be made upon a foreign corporation. It says: " Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof within the State as follows: " Subdivisions 1 and 2 designate certain persons upon whom the service may be made. It is not claimed that the provisions of these two subdivisions were complied with. But the service is claimed to have been made under subdivision 3, which provides as follows: " If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the State, or the cause of action arose therein ; to the cashier, a director, or a managing agent of the corporation within the State." Therefore, when a service upon the persons mentioned in subdivision 3 is attempted to be justified, it is necessary that the plaintiff should show, either that the designation mentioned in subdivision 2 is not in force, or that the person designated, or an officer specified in subdivision 1, cannot be found within the State with due diligence.

There is not the slightest particle of evidence that any effort was made to serve the summons as prescribed in subdivisions 1 and 2, or that any inquiries were made as to whether there were any officers upon whom that service might be made pursuant to said subdivisions within this State at the time the service was made upon the alleged managing agent.

It seems to me that in order to confer jurisdiction upon the court it was necessary for the plaintiff to establish this fact where a direct attack was made upon the service, precisely the same as would be required in the case of a publication of a summons.

The order should be reversed and the motion to set aside the service granted.

RUMSEY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.