discover no reason in law why the order canceling the judgment should not have been granted. The seduction of the plaintiff, in the absence of a breach of the contract under which the result was accomplished, did not constitute a tort, as against the plaintiff, and it was only judgments in "actions for fraud * * * or willful and malicious injury to the person or property of another" that are excepted from the operation of the bankruptcy law. This language is very strong. It refers, not to the ordinary results of negligence, but "to willful and malicious injury to the person," and it is very difficult to conceive of a willful and malicious injury to one who has consented to the act. We are of opinion that while the legislature, with the particular circumstances of this case before it, would be willing to extend the exception to cases of this character, there is an entire absence of language which would justify the construction put upon the statute by the plaintiff, and that the order appealed from should be reversed.

The order appealed from should be reversed, without costs, and motion granted, without costs. All concur.

---

(66 App. Div. 582.)

### VITOLA v. BEE PUB. CO.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. FOREIGN CORPORATION—SUMMONS—SERVICE—HOW MADE.
    Under Code Civ. Proc. § 432, providing that personal service of a summons on a foreign corporation must be made (1) on certain named officers; (2) on a person designated for that purpose by a writing filed with the secretary of state; or (3) if there be no such designation, or if neither the person designated nor any such officer can be found with due diligence, and the corporation has property in the state, or the cause of action arose therein, on a managing agent of the corporation in the state,—service cannot be made on such agent until it is shown that due diligence has been made to serve on an officer or person designated for that purpose.

2. SAME—PROOF OF SERVICE.
    Under Code Civ. Proc. § 434, providing that proof of the service of a summons, when not served by the sheriff, must be by affidavit, and rule 18, Gen. Rules Prac., such proof must be by the affidavit of the one making the service.

3. SAME—SAME.
    When an affidavit of personal service of summons does not state that affiant delivered a copy of the summons to the person served, service is not shown, under Code Civ. Proc. § 426, providing that personal service of a summons must be made by delivering a copy thereof.

4. SAME—MANAGING AGENT.
    An agent of a foreign newspaper corporation, having authority only to contract for advertising, is not a managing agent, within the meaning of Code Civ. Proc. § 432, providing that service of summons may be made on a managing agent within the state.

5. LIBEL—NEWSPAPER—CIRCULATION IN DIFFERENT STATES—CAUSE OF ACTION.
    When a newspaper published in Ohio, and containing a libel of a citizen of New York, is sold and circulated in the latter state, a cause of action for such libel arises in New York.

    Ingraham and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

73 N.Y.S.—18

Action by Carmine Vitola against the Bee Publishing Company. From an order denying defendant's motion to set aside the service of the summons and complaint, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Herbert Barry, for appellant.

Michael J. Joyce, for respondent.

HATCH, J. The action was brought to recover damages for an alleged libel published in the state of Ohio, where the defendant's paper is printed, and in the state of New York, by the sale of the paper containing the article here. The defendant is a foreign corporation, organized under the laws of the state of Ohio, and engaged in the publication of a newspaper styled "The Toledo Bee," and having its chief office and place of business in the city of Toledo, in that state. The attempted service of summons upon the defendant consisted in the delivery of a copy of the summons and complaint to one Henry Bright at his office in the Tribune Building, in New York City, where he conducted a newspaper advertising agency, and in the course of his business solicits advertisements for a number of newspapers, one of which is the defendant. It is claimed by the plaintiff, and denied by the defendant, that said Henry Bright was, at the time of the service, a managing agent of the defendant, and that therefore service upon him as such agent was sufficient to confer jurisdiction upon the court. After the service the defendant appeared specially for that purpose, and made this motion to set aside the attempted service, which was denied, and from the order denying the motion this appeal is brought.

It is prescribed in section 432 of the Code of Civil Procedure that:

"Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof within the state, as follows: (1) To certain officers of the corporation; or, if the corporation lacks either of the officers specified, to the officer performing corresponding functions under another name. (2) To a person designated for the purpose by a writing under the seal of the corporation and filed with the secretary of state, as therein required. (3) If such a designation is not in force, or if neither the person designated nor an officer specified in subdivision first of this section can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein, to the cashier, a director, or a managing agent of the corporation within the state."

It is under the third subdivision of the section that the respondent seeks to sustain the service made herein, claiming that Bright was a managing agent of the corporation. It is contended by the defendant—First, that the person upon whom the attempted service was made herein was not a "managing agent" of the company, within the meaning of the statute; and, second, that, if he were, the service was a nullity, because the plaintiff failed to show that he had complied with the requirements of the section, which, it urges, are conditions precedent to acquiring jurisdiction by such service, viz. that the designation mentioned in subdivision 2, § 432, Code, is not in force, or that neither the person designated nor an

officer specified in subdivision 1 could be found with due diligence, and that the corporation has property within the state, or the cause of action arose therein.    It is not pretended that Mr. Bright is one of the officers mentioned in the first subdivision of the section, nor is it attempted to be shown either that there was no designation in force under subdivision 2, or that, if one was in force, neither the person designated, nor an officer specified in subdivision 1, could be found with due diligence, and the corporation has property within the state, or the cause of action arose therein.    The plaintiff rests upon the proposition that, if he has sufficiently shown that Bright was the managing agent of the defendant, the court acquired jurisdiction.

Assuming for the moment that he is right in this contention, we think that he fails in the sufficiency of his proof to support the same.    The evidence upon which he relies is found in the circumstance that Bright had printed upon the door of his office "The Toledo Bee," and that he kept therein files of the defendant's newspaper, and sold a copy of the same to the plaintiff's attorney; and upon the occasion of the sale, in answer to the question as to whether he was the managing agent, said, "Yes, I am its advertising manager."    It is further claimed that support is given to the foregoing facts by a declaration contained in a letter written by the defendant to one Urban, presumably a person acting in the interest of the plaintiff.    The letter which Urban wrote asked the defendant if it had any agent in this state authorized to make contracts for advertising in its paper for the Western trade.    The declaration of the defendant was contained in the answer to this letter, in which the defendant acknowledged the receipt of the letter inquiring whether it had an advertising agent in the East, and stating:    "Our representative in the foreign field is Mr. Henry Bright, Tribune Building, New York City, who will be glad to do business with you." It is settled by authority that the declarations of the person claimed to be the managing agent are not sufficient to establish such fact, and that proof which shows only that the claimed managing agent is a representative of the defendant for some purpose is not sufficient upon which to predicate the fact that he is a managing agent, within the meaning of the section of the Code authorizing service to be made upon him.    Coler v. Bridge Co., 146 N. Y. 281, 40 N. E. 779.

Taking all the proof together, it is clearly apparent that it only established that Bright was the representative of the defendant for a particular purpose, viz. in securing for it contracts for advertising. The declaration of the defendant in its letter, when fairly construed, is nothing more than a statement that Bright was its representative in respect of its advertising business, and the declaration of Bright is that he was its advertising manager.    The presence of files of the paper in the office and the name upon the door are entirely consistent with such limited representation, and the whole falls short of proof sufficient to establish that Bright was the managing agent of the defendant's business in this jurisdiction.    It seems clear, therefore, that the plaintiff must fail in his contention that it was

established that Bright was managing agent within the provision of the Code and the authority construing it.

Aside from this question, however, we think the proof insufficient to show that the court acquired jurisdiction of the defendant by the attempted service. As already appears under subdivision 3, § 432, Code Civ. Proc., service is not authorized upon a managing agent unless there is failure to designate a person upon whom service can be made, or there be neither of the officers specified in subdivision 1 of the section who can by the exercise of due diligence be found within the state, and the corporation has property within the state, or the cause of action arose therein. It is a condition precedent to a valid service upon a managing agent that the proofs show these facts, and that due diligence has been used to find the persons specified without success, as it is only upon such proof that service upon the agent is authorized. The language of this provision of the Code is in all respects similar, as to the proof of diligence required, to that of subdivision 3 of section 438 of the Code, relating to the service of a summons by publication, and it is the settled rule that, in order to authorize the service of a summons by publication, proof of due diligence to serve the summons within the state is required in order to confer jurisdiction upon the court to make the order. Bixby v. Smith, 3 Hun, 60; Carleton v. Carleton, 85 N. Y. 313.

The same reasons which require proof of diligence to authorize an order of publication apply with equal force to the service upon a managing agent in the case of a foreign corporation, as it is only another form of substituted service, and requires due diligence to discover the officers mentioned or the person designated, if any, who must be served, if present within the jurisdiction. Failure in this respect is as fatal to the service of a summons upon an agent as it is to the order of publication.

Counsel for the plaintiff, however, insists that this court has decided otherwise in Perrine v. Machine Co., 60 App. Div. 32, 69 N. Y. Supp. 698. There is much support for this contention found in the language used in the opinion deciding that case, but it clearly appears from the opinion and the record in the case that there was a statement that no officer or other manager of the defendant corporation was present in the state at the time of the service of the summons, and this, coupled with the fact that the defendant, upon the motion to vacate the service, admitted the truth of this statement, was held sufficient to confer jurisdiction. The motion in that case was rested solely upon the ground that the person served was not the managing agent of the defendant. No claim was made that the proof was not sufficient to confer jurisdiction if the person served was in fact a managing agent. It is clear, therefore, that the present question was not raised in the motion in that case, and it was disposed of upon a consideration of whether the papers were sufficient to show that the person served was the managing agent. What was said by the court in respect of the present question must be regarded as obiter, and is therefore not controlling as an authority upon us.

The proof of the service of the summons in the present case is entirely defective. There is, in fact, no affidavit of service such as is required by the statute and rules of practice. There is an affidavit made by the plaintiff's attorney to the effect that he called. upon the person served, and, after obtaining admission from him; that he was the advertising manager, states: "I then served him. with the summons and complaint, and stated the nature of the. same to him." There is no statement that he delivered a copy of: the summons and complaint at such time, and this seems to be required by section 426 of the Code, and it must be proved by the· affidavit of the person making the service. Code Civ. Proc. § 434; Rule 18, Gen. Rules Prac. There is not a single statement to show that at the time when this summons and complaint was served upon Bright there was not then within the jurisdiction of the court all of the officers of the corporation upon whom service is authorized to be made, nor is there a syllable of proof showing, or tending to show, that the plaintiff made any effort to serve such officers, or that he made efforts to find them within the jurisdiction, or· that he took any step from which it might be inferred that diligence· to discover such officers had been used. It sufficiently appears that. the cause of action arose within the state, because the alleged libelous article was circulated here by sale of the defendant's paper.

It seems clear, therefore, that there is no proof showing the· proper or legal service of this summons upon the defendant. We. conclude, therefore, that the attempted service of the summons was void, that the court acquired no jurisdiction of the defendant, and' that the motion to vacate and set aside the service should have been granted.

. It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

INGRAHAM, J. (dissenting). By section 1780 of the Code of Civil Procedure, an action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action; and by section 432 of the Code it is provided' that personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof within this state, when no designation is in force, and when neither the president, treasurer, nor secretary of the corporation can be found within this state, and the corporation has property in this state, or the cause of action arose therein, to the cashier, director, or managing agent of the defendant within the state. The summons and complaint having been made upon a person alleged to be a managing agent of the defendant corporation, to entitle the defendant to have such service set aside upon motion he must show that the service was irregular. The defendant coming into court and asking for affirmative relief, the burden is upon him to show that the service was made upon a person upon whom, under the Code, such service was not allowed. It will not do for a defendant

to come in and ask for this affirmative relief, and insist that the application should be granted, unless the plaintiff affirmatively shows, in answer to his motion, that the condition existed which made such a service proper. Perrine v. Machine Co., 60 App. Div. 32, 69 N. Y. Supp. 698. If the service is made in violation of this provision of the Code, the defendant has only to allow the plaintiff to take judgment, and when attempts are made to enforce judgment it must be shown that the service of process was regular; but where the defendant comes in, and asks for affirmative relief, the burden is on him to show that the service was not authorized. The fact, therefore, that the plaintiff fails to show in his answering affidavit that no designation of a person upon whom service of process against the defendant can be made was in force, or that no officer of the company could be found within this state, is not a reason for granting the application. To entitle the defendant to such a relief, he must show either that the person served was not a managing agent of the defendant, that the cause of action did not arise within the state, that the defendant has no property therein, or that one of the officers mentioned in subdivision 1 of the section could be found within the state.

The summons in this action was served upon one Henry Bright, who had an office for the transaction of business in the city of New York, and the motion to set aside the service of the summons was made upon Bright's affidavit. That affidavit alleges that he solicits advertising for a large number of newspapers at his office in the city of New York, and among the number is the Bee Publishing Company; that this is the only connection of the defendant with said corporation of any kind whatsoever. In reply the plaintiff presented an affidavit setting out a letter that had been sent to the defendant at Toledo, Ohio, asking if the defendant had an agent in this state authorized to make contracts for advertising in their paper for Western trade. In reply to this letter the defendant wrote as follows: "We are in receipt of yours of the 15th, inquiring whether we have an advertising agent in the East. Our representative in the foreign field is Mr. Henry Bright, Tribune Building, New York City, who will be glad to do business with you." The affidavit also states that subsequently Bright called upon the writer of the letter, and stated that he was sole manager and advertising agent of the Toledo Bee, with full power to make contracts for advertising in the Toledo Bee in the name of the Bee Publishing Company. It also appeared that upon the door of the office occupied by Bright the name of the defendant's newspaper was painted, and that at about this same time a copy of the defendant's paper was purchased at Bright's office. Upon this evidence the court held that Bright was a managing agent of the defendant in this state. In Coler v. Bridge Co., 146 N. Y. 283, 40 N. E. 779, in speaking of this section of the Code, it was said:

"It is not necessary that the office of the person to whom the summons is delivered, in a suit against a foreign corporation, should be precisely described as that of 'a managing agent,' because, we think, from the language of section 432 of the Code of Civil Procedure, it was intended that any per-

son holding some responsible and representative relation to the company, such as the term 'managing agent' would include, might be served with the summons."

It cannot be doubted but that if Bright had assumed to act as the agent of the defendant, making a contract for it, the defendant would have been bound as having authorized Bright to represent it; and it seems to me that a person with the authority conferred upon Bright by this letter is a managing agent, within the meaning of this section of the Code.

I think, therefore, the evidence was sufficient to authorize the court below to find that Bright was the managing agent of the defendant, and that the service upon him was regular.

O'BRIEN, J., concurs.