MOORE v. MONUMENTAL MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. FRATERNAL INSURANCE ASSOCIATION—SERVICE—MANAGING AGENT — ALLEGA-TIONS OF AFFIDAVITS—CONCLUSIONS.

Affidavits used on the hearing of a motion to set aside a service of sum-mons on one claimed to be the managing agent of a fraternal insurance company, which allege that such agent transacted the business of the company; that the deponents knew, of their own knowledge, that she de-voted herself, solely as an agent of the company, to the transaction of its business, for a period of 12 years; and that she is the agent and representative of the company,—state mere conclusions.

2. SAME—WHAT CONSTITUTES AGENT.

The fact that a person collects premiums from a local branch, and transmits them to the central organization of a fraternal insurance com-pany, does not constitute her a managing agent of the company, on whom service may be made, under the Code.

3. SAME—AVAILABILITY OF PROPER REPRESENTATIVE—EFFECT.

An unauthorized service of summons on a person assumed to be the agent of a fraternal insurance company is not aided by the fact that there

78 N.Y.S.—64

was available a representative of the company upon whom service could properly have been made.

4. SAME—SUFFICIENCY OF EVIDENCE.

Evidence of a hearing of a motion to set aside a service of summons on one claimed to be the managing agent of a fraternal insurance company considered, and *held* insufficient to show an agency warranting such service.

Appeal from special term, New York county

Action by John D. Moore against the Monumental Mutual Life Insurance Company. From an order denying a motion of defendant to set aside an alleged service of summons, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Jos. W. Welsh, for appellant.
Wm. Blaikie, for respondent.

HATCH, J. The defendant is a fraternal insurance corporation, having its principal office and place of business in Baltimore, in the state of Maryland, and is incorporated under the laws of that state. The service of the summons and complaint in this action was claimed to have been affected by delivering a copy thereof to Mary C. Jackey, at her residence, in the city of Brooklyn, in this state. It is not claimed in the moving papers that the person so served is one of the officers of the defendant corporation, or that she is a person designated for the purpose of receiving service of the papers, as provided by subdivision 2 of section 432 of the Code of Civil Procedure. She is not the cashier or director of the defendant, and it is admitted by the parties that there are no such persons in the state. The whole claim upon which the service is sought to be supported is that Mary C. Jackey is a managing agent of the defendant, within the meaning of the Code, authorizing service to be made upon her. It appears by the proofs submitted in support of the claim that she is a managing agent, that she was secretary of Branch 47 of the Iron Hall Insurance Association, and that such branch was located in the city of Brooklyn; that the principal office and place of business of the Iron Hall Association was in Baltimore, and Mary C. Jackey, as such secretary, received all the dues from the members of Branch 47, and transmitted them to the principal office, at Baltimore; that, the Iron Hall Association having become insolvent, all the members were transferred to the defendant company; that Mary C. Jackey, after such transfer, continued to receive, and has for several years been receiving, the dues from members residing in her vicinity, and transmitting them to the defendant company, at Baltimore, Md. The affidavits state generally that the said Jackey transacts the business of the defendant, and collects the premiums from the members, and that the several deponents know, of their own knowledge, that she has devoted herself, solely as an agent of the defendant, to the transaction of its business, for a period of about 12 years, and that she is the agent and representative of the defendant. Only a single fact is stated, viz., that Mary C. Jackey collects premiums

from the members, and transfers them to the home office. Every other statement relating to her connection with the defendant, as agent or otherwise, is a mere conclusion. It is said that she transacts the business of the defendant corporation in Brooklyn. What she does in that connection is not averred, beyond the collection of premiums, and no fact is stated by which it is made to appear that she does any other business for the defendant. The statement that she is the agent of it is a mere conclusion, and adds nothing in support of the claim that she is a managing agent. The case, therefore, comes to rest upon the proof as to her being a managing agent, so far as the plaintiff's affidavits are concerned, for the collection and remittance of the premiums collected. Such fact is not sufficient to establish a managing agency. It only shows that she is agent for this limited purpose, and such proof is not sufficient to bring her within the terms of the Code, as a managing agent, upon whom service may be made. Vitolo v. Publishing Co., 66 App. Div. 582, 73 N. Y. Supp. 273. In addition to this, it appears by the affidavits submitted in opposition to the motion that Mary C. Jackey does not act, in the collection and remittance of the dues of the members located in Brooklyn, as the agent of the defendant, but that, in so doing, she acts as agent for the members paying the dues. The president of the defendant states positively in his affidavit that she is not an officer, director, cashier, agent, or employé of the defendant. Under the proof as it appears, eliminating the conclusions contained in plaintiff's affidavits, it is quite as consistent with the fact that she collects the money as agent of the persons paying the money, and remits it to the defendant, as that she performs such service as the representative of the defendant. Clearly, therefore, the proof is insufficient to establish a managing agent upon whom the Code authorized service to be made. So far as the affidavits show, the transaction of business by other persons, whether sufficient, or not, to establish them as managing agents, cannot have any force in support of the service which has been attempted to be made. No service has been made upon such persons, and manifestly the unauthorized service of a summons and complaint cannot be sustained by showing that there is a representative of the defendant upon whom proper service could have been made, but was not. It is clear, therefore, that the proof of service in this case is insufficient, and the motion to set it aside should have been granted. Other questions were raised, but it is not essential to a disposition of the present motion that they be considered.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion to set aside the service granted, with $10 costs. All concur.