(98 App. Div. 136)

DOHERTY v. EVENING JOURNAL ASS'N.

(Supreme Court, Appellate Division, First Department. November 18, 1904.)

1. FOREIGN CORPORATIONS—NEWSPAPER LIBEL—CAUSE OF ACTION.

A complaint for libel against a foreign corporation, which alleges that the newspaper containing the libel was circulated "throughout Jersey City and state of New Jersey, and other states in the United States," and which fails to show that the corporation has property in New York, is insufficient to authorize a service of summons on the managing agent of the corporation, within Code Civ. Proc. § 432, subd. 3, authorizing the service of summons in a suit against a foreign corporation on the managing agent, where the corporation has property in the state or the cause of action arose in the state, the allegation as to the publication of the libel being insufficient to show a publication in New York.

2. SAME—SUMMONS—SERVICE—HOW MADE.

Under Code Civ. Proc. § 432, providing that personal service of summons on a foreign corporation must be made on specified officers, or on a person designated for that purpose, or, if there be no such designation, or if neither the person designated nor any of the officers can be found, service on the managing agent may be made, service on such agent cannot be made unless diligence is shown to serve on specified officers or person designated for that purpose.

Appeal from Special Term, New York County.

Action by James Doherty against the Evening Journal Association. From an order denying a motion for an order setting aside the service of summons, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frank C. Avery, for appellant.
Cornelius J. Early, for respondent.

LAUGHLIN, J. The defendant, a New Jersey corporation, publishes at Jersey City a daily newspaper known as the "Evening Journal," and the action is for a libel published therein. The summons was served on one Charles L. Downes in the city of New York. The affidavit of service is to the effect that Downes was the manager of the defendant, but upon the motion to vacate the service the plaintiff endeavored to uphold it upon the ground that he was either the manager or the cashier. The affidavits of Downes and of the treasurer and general business manager of the defendant, upon which the motion to vacate the service was based, show that Downes is its advertising agent upon a commission basis, with

authority merely to receive and forward to the association for acceptance advertisements, together with the charges therefor. It appeared that the Evening Journal contained a publication tending to show that it had an office in the St. Paul Building in the city of New York. The affidavits show that upon the door of this office there was the sign, "Jersey City Evening Journal. C. L. Downes." The affidavit of Downes shows that he placed this sign upon the door for the purpose of distinguishing the defendant's paper, for which he solicited advertisements, from the Evening Journal published in the city of New York; that he and one Huntsman, another advertising agent, leased the office jointly, and owned the furniture, and that the defendant had no interest either in the furniture or lease, and no property within the city or state of New York.

It is doubtful if the service could be sustained upon the theory that Downes was the cashier or a managing agent of the defendant, even if the other statutory prerequisites to a good service had been complied with. Fontana v. Post Printing & Pub. Co., 87 App. Div. 233, 84 N. Y. Supp. 308; More v. Monumental M. L. Ins. Co., 77 App. Div. 209, 78 N. Y. Supp. 1009. But there is no proof that the cause of action arose within the state of New York. The allegation of the complaint in this regard is that the paper was circulated "throughout Jersey City and state of New Jersey and other states in the United States." This is not sufficient to show that the libel was published here. Nor is there any evidence that the defendant has property within this state. It is essential that the foreign corporation should have property within this state, or that the cause of action arose here, in order to warrant service upon a cashier or managing agent. Code Civ. Proc. § 432, subd. 3. Moreover, such service can only be made upon a cashier or managing agent under subdivision 3 of section 432 of the Code of Civil Procedure, where an officer specified in subdivision 1 or a person designated in subdivision 2 of that section by a designation which remains in force cannot be found after diligent search. It is manifest, therefore, that proof of service is insufficient unless it be shown that no such officer or person designated could be found after diligent effort. Vitolo v. Bee Pub. Co., 66 App. Div. 582, 73 N. Y. Supp. 273. In this case there is no proof of these facts.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.