### FRANKEL et al. v. DOVER MFG. CO.

(Supreme Court, Appellate Term. May 16, 1907.)

1. COURTS—MUNICIPAL COURTS—TIME FOR TAKING APPEAL—DEFAULT JUDGMENT.

Municipal Court Act, Laws 1902, p. 1578, c. 580, § 311, provides that, where defendant appeals from a judgment against him in an action wherein he did not appear and the summons was not personally served on him, the appeal may be taken within a specified time after personal service on him of notice of the judgment. *Held*, that the statute is applicable to a case where there was no personal service of summons, and where defendant did not appear generally.

2. CORPORATIONS—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

Service upon a foreign corporation can only be made on the president or head of the corporation, secretary, cashier, or managing agent, or a resident director, and service at the corporation's office on an employé who was a mere salesman was insufficient to confer jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harry Frankel and others against the Dover Manufacturing Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Ernst, Lowenstein & Cane (Melville H. Cane, of counsel), for appellant.

Sydney H. Herman, for respondents.

SEABURY, J. This is an appeal from a judgment in favor of the plaintiffs, entered by default in the Municipal Court. The defendant is a foreign corporation, and service of the summons was made upon one Kaderly. The defendant contends that such service was invalid, and asks that upon this ground the judgment be reversed. There was no general appearance by the defendant in the court below, and this appeal is properly taken, under the provisions of section 311 of the Municipal Court Act (Laws 1902, p. 1578, c. 580). Dixon v. Carrucci (Sup.) 97 N. Y. Supp. 380; Hodge v. Acorn Brass Mfg. Co., 50 Misc. Rep. 627, 98 N. Y. Supp. 673; Mears v. North American Brg. Co., 113 App. Div. 41, 98 N. Y. Supp. 1042; Bevins & Rogers, App. Term Practice, pp. 67, 73.

It is contended that Kaderly was the managing agent of this defendant within the provisions of section 31 of the municipal court act. The only proof offered to sustain this contention is the affidavit of the process server as to the admission alleged to have been made by Kaderly when service was made upon him. Service was made at an office at No. 1 Hudson street, New York City, which the plaintiffs insist was the office of the defendant company. But, assuming that it was the office of the defendant company, the fact that Kaderly, who was an employé of the defendant, was served at this place, does not prove that he was the managing agent of the defendant. The evidence to the contrary is conclusive, and shows that Kaderly was a mere salesman, who is in the employ of the defendant only two weeks in each month, and whose authority was limited to offering goods for sale. To sustain this judgment would require us to hold that service upon a foreign corporation can be made by leaving process with any employé found in the office of the defendant. Service can only be made upon the president or other head of the corporation, or the secretary, cashier, or managing agent, and, where no such officer resides in the city, then on a resident director. Kaderly held none of those positions, and the service upon him was void. Hodge v. Acorn Brass Mfg. Co., 50 Misc. Rep. 627, 98 N. Y. Supp. 673; Coler v. P. B. Co., 146 N. Y. 281, 40 N. E. 779; Taylor .v. Granite S. P. A. Co., 136 N. Y. 343, 32 N. E. 992, 32 Am. St. Rep. 749; Doherty v. Evening Journal Ass'n, 98 App. Div. 136, 90 N. Y. Supp. 671.

The validity of service upon a foreign corporation cannot be upheld unless the statutory prerequisites are observed. They were not observed in this case, and the judgment must be reversed.

Judgment reversed, with costs to the appellant, and complaint dismissed. All concur.