### WILLCOX v. PHILADELPHIA CASUALTY CO.

(Supreme Court, Appellate Division, First Department. February 18, 1910.)

CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

    On a motion to vacate the service of a summons on a foreign corporation, evidence as to the service appearing from the proofs by affidavits *held* insufficient to show a good service on its cashier, pursuant to Code Civ. Proc. § 432.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2627; Dec. Dig. § 668.*]

Appeal from Special Term, New York County.

Action by Marshall B. Willcox against the Philadelphia Casualty Company. From an order denying a motion to vacate the service of a summons, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Max L. Arnstein, for appellant.

Philbin, Beckman & Menken (Powell Crichton, of counsel, and Eugene A. Philbin, on the brief), for respondent.

CLARKE, J.   Appeal from an order denying a motion of the defendant, appearing specially, to vacate the service of the summons herein, upon the ground that the said service was not made in accordance with the provisions of section 432 of the Code of Civil Procedure. The defendant is a foreign corporation, and the summons was served upon an individual in its office in this city, who is claimed to have been a cashier of the defendant.   No attempt was made to serve the Superintendent of Insurance, who was duly designated under the insurance law to accept service for the defendant.   The statute provides that personal service of a summons upon a foreign corporation must be made by delivering a copy thereof within the state as follows:

"1. To the president, vice president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lacks either of these officers, to the officer performing corresponding functions, under another name.   2. To a person designated for the purpose as provided in section 16 of the general corporation law.   3. If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision of this section can be found with due diligence, and the corporation has property within the state, or the cause of action arose therein; to the cashier, a director or a managing agent of the corporation within the state."

It is conceded that the service must be justified under subdivision 3, last quoted, or not at all.   The affidavits in support of the service are extremely meager.   McFarland avers that he was employed as a clerk in the office of plaintiff's attorney; that on the 6th day of November, 1909, deponent endeavored to serve upon the general agent or the managing agent of the defendant the summons in this action, and for that purpose made diligent effort to find the general agent or the managing agent of the defendant company in the state of New York at 2808 Third avenue, and at 84 William street, in the borough of Manhattan; that at 84 William street, in said city, the main office of the defendant company in New York, he was informed that the general agent and the managing agent were in Philadelphia; and that he then gave this summons to one Morgan, also in the employ of plaintiff's attorney, requesting him to make service.   Morgan avers that on the 6th day of November, 1909, he called at the main office in the city of New York of the defendant for the purpose of serving the summons upon said company; at said office deponent asked for the cashier, and was referred to Mr. Labdon; that deponent inquired of said Labdon if he was cashier for the defendant company, and said Labdon informed deponent that he was such cashier, and deponent thereupon delivered a copy of said summons to said Labdon, and left the said copy with said Labdon; that said Labdon was at the time aforesaid behind a window whereon was a sign bearing the word "Cashier."

The moving affidavits tend to establish that Labdon was not the cashier; that John Baptiste was the manager in charge of the local office; that Mr. Baptiste has been continuously at the office every day from November 6th; and Labdon denies that he said he was cashier,

or that he was asked if he was cashier. Vitolo v. Bee Publishing Co., 66 App. Div. 582, 75 N. Y. Supp. 273, cited and relied upon in Doherty v. Evening Journal Ass'n, 98 App. Div. 136, 90 N. Y. Supp. 671, and Fontana v. Post Printing & Pub. Co., 87 App. Div. 233, 84 N. Y. Supp. 308, are authorities sustaining the proposition that this service was not good; that the requirements laid down in the section under consideration are conditions precedent, which must be shown by plaintiff, none of which have been complied with.

The summons was not delivered to the sheriff for service, and there is no certificate from that officer. The mere conclusion alleged in the affidavit that diligent attempt had been made to serve the manager, without setting forth those attempts, is not sufficient. The statement that somebody, not identified, told affiant that Labdon was the cashier, is completely met by the contradictions thereof and the conclusive proof as to the nature of his services. These considerations, coupled with the fact that there is no statement that the cause of action arose in New York, or that the company had property here, lead us to the conclusion that this service was not good.

The order appealed from should be reversed, with $10 costs and disbursements to the appellant, and the motion granted, with $10 costs. All concur.