(94 Misc. Rep. 431)

### BODNAR v. COPLAY CEMENT MFG. CO.

(Supreme Court, Special Term, Westchester County. March, 1916.)

CORPORATIONS ☞668(10)—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

In an action against a foreign corporation, a showing that it has office furnishings at its New York City office, where tentative orders are received and forwarded to the home office and received by it subject to approval, is insufficient to sustain service of summons on the person receiving such orders, and such service will be set aside, in the absence of a further showing that he acted in the capacity of managing agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2616; Dec. Dig. ☞668(10).]

Action by Steve Bodnar against the Coplay Cement Manufacturing Company. On motion to vacate and set aside service of summons. Granted.

Stephen A. Machinski, of New York City, for plaintiff.

Nadal, Jones & Mowton, of New York City, for defendant.

PLATT, J. This is a motion to vacate and set aside the service of the summons with notice in this action, which was made on January 17, 1916, upon one J. Robert West, and we have not to do here with the question of whether another action is pending on the same cause of action in another jurisdiction, nor with the legal effect of the service of the summons and notice claimed to have been made on the defendant through the secretary of state on February 14, 1916, which was after the argument of this motion. The defendant maintains a place of business at No. 200 Fifth avenue, New York city, where at least tentative orders are received by Mr. West, and are forwarded by him to its home office in Pennsylvania, which are received by the defendant, subject to its approval at the main office.

The defendant's liability is alleged to have arisen out of the state of New York, and it is not made to appear that the defendant has any property within the state, except office furnishings at its said New York office. Plaintiff claims he used due diligence to serve the summons on one of defendant's officers; but he does not show what he did to accomplish this, what his efforts were that he concluded constituted such due diligence, or which would enable the court to find that due diligence had been exercised.

While the nature of the employment of Mr. West and his authority are better known to the defendant than to the plaintiff, something further should be disclosed to show that he acted in the capacity of its managing agent. The motion is therefore granted, with costs. Vitolo v. Bee Publishing Co., 66 App. Div. 582, 73 N. Y. Supp. 273; Willcox v. Philadelphia Casualty Co., 136 App. Div. 626, 121 N. Y. Supp. 368; Beck v. North Packing & Provision Co., 159 App. Div. 418, 144 N. Y. Supp. 602; Carleton v. Carleton, 85 N. Y. 313; Bixby v. Smith, 3 Hun, 60; Emerson v. Auburn Owasco Lake Railroad, 13 Hun, 150; Frankel v. Dover Mfg. Co., 104 N. Y. Supp. 459.

Motion granted, with costs.