First National Bank of Albany, N. Y., Respondent, *v.* General Construction Company, Appellant.

Third Department, December 28, 1917.

Corporations — foreign corporation — service of process on " managing agent."

One who has carried on all the business of a foreign corporation performing a construction contract in this State, who has signed its name to notes by himself as attorney, and in that manner financed the work, and to whom the corporation has assigned all moneys due or to become due under its contract, is a " managing agent," within the meaning of subdivision 3 of section 432 of the Code of Civil Procedure, upon whom process may be served, said corporation not having designated a person upon whom service can be made, and there being no pretense that any officer of the company is within the State.

Woodward and Cochrane, JJ., dissented, with opinion.

Appeal by the defendant, General Construction Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 8th day of January, 1917, denying its motion to vacate and set aside the service of the summons and complaint herein.

*John C. Wait,* for the appellant.

*Tracey, Cooper & Townsend* [*B. Jermain Savage* of counsel], for the respondent.

Kellogg, P. J.:

There is something of mystery in this case. The defendant, and those acting with it, could clear the matter up, but prefer to withhold important facts, leaving the court in a way to decide the case from inferences to be drawn from the few facts shown. It is apparent that by the conduct of the defendant and those acting with it, the State is paying substantially two prices for the work done, and that the plaintiff, who furnished the money to finance it, may not receive anything.

The defendant moved to set aside the service of the summons alleged to have been made upon it by serving it upon one Aderente, and bases its motion upon the ground that he was not an officer of the company at the time. It also claims that Aderente at the time was privileged from service because he was in the State as a witness. This point need not be considered, as it is plain that he was a resident of and doing business in New York city.

One Di Martino and his partner put in a bid to perform certain work for the State at $69,000, and was the lowest bidder. The General Construction Company bid $106,000 for the same work. Thereupon the Di Martino bid was withdrawn, the contract awarded to the construction company, and it assigned all moneys due or to become due thereon to Aderente and gave him a power of attorney by which he, on behalf of the company, was authorized to demand, receive, sue for, recover and receipt for said moneys. Aderente was a mural painter of New York city, without financial means, and the son-in-law of Di Martino. Di Martino actually carried on the work under the contract. Aderente, however, opened a bank account in the name of the construction company, signed its name to notes by himself as attorney, and in that manner financed the work, and this action is brought to recover upon the notes so given. In the notes the company assigns the final estimate on said contract to the bank as collateral.

It does not appear that the defendant ever had any other business in the State, and apparently no one here has carried on any business for it except Aderente and the attorney who appeared for it in the Court of Claims and upon this motion. The basis for the motion is that Aderente was not an officer of the company and, therefore, service could not be made upon him, overlooking subdivision 3 of section 432 of the Code of Civil Procedure which permits service upon a foreign corporation by serving the cashier, a director or a managing agent of the corporation within the State if it has not designated a person upon whom service can be made and if none of its officers mentioned can be found with due diligence within the State and the corporation has property within the State or the cause of action arose therein. It has not designated a person upon whom service can be made; there is no pretense that any such officer was within the State. We are satisfied that the Special Term properly determined that Aderente was a managing agent of the corporation within this State.

It is difficult to understand the position of the defendant upon the facts. The papers used in the Court of Claims indicate that the parties interested in the contract were the plaintiff, the Acme Road Machinery Company and Aderente. However, at the close of the proceeding, the defendant's attorney, who is also the attorney here, took the ground that the check issued upon an award must be made to the construction company, or to him as its attorney. There was considerable discussion between the attorney for the defendant and the attorney for the bank with reference to the filing of the claim with the Court of Claims. He took the position at first that Di Martino and the Acme Road Machinery Company, the assignees, were the parties principally interested; later he took the position in his letter of November 17, 1916, that his contract with reference to the Court of Claims matter is with the construction company only; that Di Martino and Aderente had no money; that he would be glad to have the bank's attorney assist him in the court, but cannot charge the case with any additional expense without the consent of the company, Di Martino and Mr. Cook, the representative of the Acme Road Machinery Company. In another letter

he states that if there is any balance after paying the bank and the road machinery company "it is to go to the General Construction Co. or Mr. Di Martino," and in another letter he states: "I feel quite confident that Mr. Aderente is a poor man and acted in this matter solely as the agent of the General Construction Co. and without any interest whatever in the contract or the claim, but only as an attorney in fact * * * and it is my understanding that the General Construction Co. is not looking for and does not expect to have or receive anything but the surplus after the bank and Mr. Cook have been paid in full."

It is apparent that Aderente had no interest in this contract for himself. It is a fair inference that Di Martino withdrew his bid under the agreement with the construction company by which the moneys under the contract were to be paid to his son-in-law, probably in some way to be apportioned between Di Martino and the construction company. There is no suggestion in the record that Aderente was guilty of wrong in making the notes in suit or in opening and carrying on a bank account in the name of the defendant. We must conclude that with knowledge of all the facts it recognized the validity of the assignment by him as its agent in the Court of Claims and the validity of the notes, the proceeds of which were used to finance this contract. Upon the facts the conclusion is irresistible that the defendant and Di Martino are interested in this contract and that Aderente was acting as the managing agent of the defendant in its business in this State with reference to this contract, apparently its only business in the State. I, therefore, favor an affirmance of the order.

All concurred, except Woodward, J., dissenting in an opinion, in which Cochrane, J., concurred.

Woodward, J. (dissenting):

In this action, brought by the First National Bank of Albany, N. Y., against the General Construction Company, a corporation of the State of Connecticut, the plaintiff attempted to get jurisdiction of the foreign corporation by serving its summons and complaint upon one Vincent Aderente as attorney for the General Construction Company, as appears

from the affidavit of B. Jermain Savage, read in opposition to the motion to set aside such service.   This affidavit asserts in general language that " since November 25, 1911, said Vincent Aderente has purported to represent the General Construction Company, having opened an account in its name at said First National Bank, and having executed notes in its name," etc., and that " deponent had good reason to believe that said Aderente represents said General Construction Company and could receive the service of the summons and complaint," and further that " deponent therefore had good ground to suppose that said Vincent Aderente actually represented said General Construction .Company for the purpose of such service," etc.

The affidavits in support of the motion to set aside this service made by Aderente and by John C. Wait show that Aderente never was an officer or agent of the General Construction Company; that his only relations with said corporation were as assignee of the contract existing between the General Construction Company and the State of New York, and upon this appeal there is no contention that Aderente was an officer of the corporation; but it is sought to sustain the service upon the theory that he was the managing agent of the General Construction Company within the State of New York.   We have already seen that the attempted service was upon " Vincent Aderente as attorney for the General Construction Company," and just how an attorney is to be transformed into a managing agent of the corporation, upon the facts set forth in such affidavit, we are at a loss to understand.   It is true it is shown that Aderente made and negotiated certain notes at the First National Bank in the name of the General Construction Company, signing himself as attorney; but it is shown by the moving papers that under the assignment of the contract to Aderente he was given power of attorney to deal with the matters involved in the assignment, and this clearly would not constitute him a managing agent of the corporation within the meaning of that term as used in subdivision 3 of section 432 of the Code of Civil Procedure

If, however, we should assume that the facts could be gathered from the opinions of the deponent which would

make Aderente the managing agent of the General Construction Company, there is still a fatal defect in the opposing affidavits.   Section 432 of the Code of Civil Procedure provides that " Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the State, as follows:   *   *   *   3.   If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the State, or the cause of action arose therein; to the cashier, a director, or a managing agent of the corporation, within the State."   It must be shown, not only that there has been no designation of a person on whom service may be made, but that none of the general officers named in subdivision 1 of section 432 can with due diligence be found; that the corporation has property within the State, or that the cause of action arose in this State.   These are conditions precedent, which must be shown in order to justify service upon a managing agent (*Vitolo* v. *Bee Pub. Co.*, 66 App. Div. 582; *Doherty* v. *Evening Journal Association*, 98 id. 136; *Willcox* v. *Philadelphia Casualty Co.*, 136 id. 626, 628; *Birkenwald* v. *May Co.*, 179 id. 658); and while the affidavit of Mr. Savage shows that there had been no designation of a representative in this State on whom process might be served, there is nothing to indicate that the general officers of the General Construction Company were not within the reach of process; no effort whatever is made to show that they could not, with due diligence, be found and served. The complaint being among the moving papers, it may be that it was unnecessary to show that the cause of action arose in this State, or that the corporation has property here; this may be gathered from the complaint; but when it is sought to sustain a service of a summons upon a managing agent it is necessary to show that due diligence has failed to discover any of the general officers or a designated person who might be served.   The papers on appeal fail to disclose any effort whatever to find the general officers of the corporation within this State; the affidavit opposing the motion merely claims that it was attempted to be served upon Aderente as the attorney of the corporation, and all the authorities hold

that a managing agent is something more than a mere special representative. " A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it." (*Taylor* v. *G. S. P. Association*, 136 N. Y. 343, 346, and authorities there cited; *Coler* v. *P. B. Co.*, 146 id. 281, 283.)

The plaintiff has not shown any facts from which it may be determined that Aderente had any authority whatever from the General Construction Company, except such as is shown by the assignment made back in the year 1911, and which in no sense constituted him an agent of that corporation — certainly not a managing agent as that term is understood in the law of this State. No service upon a managing agent could be valid except within the terms of the statute, and this requires due diligence to discover proper officers or appointees who may be served before a managing agent can be reached with process which will bind a foreign corporation. It may be that the appellant would have been safe to rely upon the law and to have ignored the service, raising the question when an attempt was made to take advantage of it, but the better practice, no doubt, is to move to set aside the service, and the motion should have been granted.

The order appealed from should be reversed, with costs, and the motion to set aside the service should be granted, with costs.

COCHRANE, J., concurred.

Order affirmed, with ten dollars costs and disbursements.