### KUZMA v. WITHERBEE, SHERMAN & CO.

### ZYNEL v. SAME.

(District Court, E. D. New York. May 25, 1915.)

1. COURTS ⟪270—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT.

An action to recover damages for personal injury is not one of a local nature, and, where plaintiff is an alien, can be brought only in the district whereof defendant is an inhabitant, unless the question be waived.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 810; Dec. Dig. ⟪270.]

2. COURTS ⟪344—FEDERAL COURTS—SERVICE IN ANOTHER DISTRICT.

In a suit of a local nature, where process is served on a defendant residing in a different district in the same state under Judicial Code (Act March 3, 1911, c. 231) § 54, 36 Stat. 1102 (Comp. St. 1913, § 1036) the summons must issue to the marshal of such district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⟪344.]

3. APPEARANCE ⟪10—"SPECIAL APPEARANCE."

A special appearance by a defendant to challenge the jurisdiction of the court by a motion is not rendered a general appearance by the fact that he also obtains an order extending the time to plead until the motion shall be disposed of, where the order recites the fact and states that the extension is without prejudice to the motions.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 53, 54; Dec. Dig. ⟪10.

For other definitions, see Words and Phrases, First and Second Series, Special Appearance.]

⟪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Actions by Branislaw Kuzma and by Floriyan Zynel against Witherbee, Sherman & Co., a corporation. On motions to quash the service and to dismiss for want of jurisdiction. Motions sustained.

Baltrus S. Yankaus, of New York City, for plaintiffs.

Ralph E. Rogers, of New York City, for defendant, appearing specially.

CHATFIELD, District Judge. [1] These actions are brought by an alien, at present living within this district, against a corporation, which has its domicile and principal place of business in the Northern district of New York. It is evident that these actions, which are for personal injuries, are not local in their nature, in the sense in which that word is used in sections 52 to 55 of the Judicial Code. The actions can only be instituted, therefore, in the district of the residence of the defendant, unless the question be waived. Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248.

[2] It appears from the record that the summons in the action was served by a person other than the marshal in the Southern district of New York. This could be done only under section 52 to section 55 of the Code. Toland v. Sprague, 37 U. S. (12 Pet.) 300, 9 L. Ed. 1093; United States v. American Lumber Co. et al., 85 Fed. 827, 29 C. C. A. 431. While it has been recently held in the case of United States, to the Use of Miller et al., v. Mitchell and the Illinois Surety Company (D. C.) 223 Fed. 805 (March 29, 1915), in this district, that process in common-law actions need not be served by the United States marshal, it would seem that the plaintiff cannot profit thereby. Section 54 provides that process in actions of a local nature, in states having more than one district, may be issued for service in other districts of the same state, directed to the marshal of the district in which the defendant resides. If, as the plaintiffs contend, the present actions could be maintained as suits of a local nature, service of the process would seem to have been improperly made.

[3] The defendant has obtained an extension of time to answer pending the determination of these motions. See Murphy v. Safe Co. (C. C.) 184 Fed. 495. He appeared specially, and the order recites that fact, as well as stating that the extension is without prejudice to the motion. The affidavit of merits under these circumstances is not a waiver of jurisdiction over the person, nor does it make the special appearance void.

The actions, therefore, will be dismissed for lack of jurisdiction.