## WOLITZ v. INDIA TIRE CO.

District Court, E. D. New York.
Nov. 15, 1934.

Louis A. Brown, of New York City, for plaintiff.

Cornelius C. Webster, of New York City, for defendant.

CAMPBELL, District Judge.

This is a motion for an order that the service of the summons and complaint herein be vacated and set aside and the complaint dismissed for lack of jurisdiction of the person of the defendant.

The service of process upon a foreign corporation is controlled by section 229 of the Civil Practice Act which provides as follows:

"§ 229. *Personal service of summons upon foreign corporation.*—Personal service of the summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows:

"1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name.

"2. To a person designated for the purpose as provided in section sixteen of the general corporation law.

"3. If such a designation be not in force, or if neither the person designated, nor an officer specified in subdivision first of this section, can be found with due diligence, to the cashier, a director or a managing agent of the corporation, within the state.

"4. If the person designated as provided in section sixteen of the general corporation law dies or removes from the place where the corporation has its principal place of business within the state and the corporation does not within thirty days after such death or removal designate in like manner another person upon whom process against it may be served within the state, the summons in an action against the corporation upon any liability incurred within this state, may be served, after such death or removal, and before another designation is made, upon the secretary of state."

The person upon whom it was attempted to make service in the case at bar was Miss Margaret V. Maher, who is described as the office manager of the defendant, and who, it is contended by the plaintiff, was a managing agent of the defendant.

The defendant employs one Herbert S. Fowkes, a resident of Akron, Ohio, as a traveling salesman in eastern territory, excluding therefrom all of the boroughs of the city of New York and Long Island.

When he is in New York he temporarily resides at the Park Central Hotel.

The defendant is an Ohio corporation, whose principal office and place of business is Mogadore, Ohio.

For the use of said Fowkes whenever he is passing through New York City, or is in the city for a day or two or three at a time, and also for the use of Miss Maher, who keeps office hours there, receiving visitors and inquiries, answering the telephone, and doing his stenographic work, and from time to time rendering some assistance to the main office in the collection of overdue accounts, but never handling current accounts, the defendant pays one-half of the rent of an office at room 626, 1775 Broadway, New York City, the remaining one-half being paid by Lashley & Scholes, Inc., a New York corporation, whose main office is at 817 Atlantic avenue, Brooklyn, N. Y., which corporation has the exclusive sales agency of the defendant in all of the boroughs of the city of New York and of all of Long Island; the relations between the defendant and that corporation being that of vendor and vendee.

Merchandise is sold by the defendant to said Lashley & Scholes, Inc., in which corporation the defendant has no financial interest, stock interest, or control whatsoever.

The said Miss Maher has, in the name of the defendant, kept a petty cash account at the National City Bank, which has never exceeded in amount the sum of $200.

All bills and finances of the defendant, and all of its books, are kept in Mogadore, Ohio, and Miss Maher has nothing to do with defendant's books or finances, except the said petty cash account.

All of the bills of the defendant, including salaries of Mr. Fowkes and Miss Maher, are paid direct by check from Mogadore, Ohio.

The petty cash account aforesaid has been used by Miss Maher to cash checks of Mr. Fowkes or other traveling representatives of the defendant, who may have been passing through the city of New York, and to pay small bills for office supplies, etc.

Miss Maher is a salaried employee of the defendant and holds no stock or office of any kind in the defendant.

Miss Maher has no subordinates, but has as her immediate superior Mr. Fowkes.

The title of office manager by which she is described by plaintiff seems to me to be a glorification of the duties which she performs, which would more properly be described as office assistant, or stenographer.

Miss Maher has no authority to hire or discharge, make contracts, fix prices, or special terms of payment from purchasers.

In passing, it may also be said that Mr. Fowkes has no such authority, and if her

immediate superior has no such authority, clearly Miss Maher has not.

It seems clearly established that the defendant is not doing business in the city of New York. Hutchinson v. Chase & Gilbert (C. C. A.) 45 F.(2d) 139.

The case of Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 265, 115 N. E. 915, a much stronger case than the one at bar, laid down the rule most favorably for plaintiff. That decision was based on the decision of the United States Supreme Court, in International Harvester Co. v. Kentucky, 234 U. S. 579, 587, 34 S. Ct. 944, 58 L. Ed. 1479.

The United States Supreme Court later, in People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 87, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537, emphasized that the main reason for its decision in the Harvester Case was that the salesmen in the state had authority to receive payment for the company, and to take in payment notes payable at banks in that state.

Even in the Tauza Case, service was made on the "sales agent" in charge of a New York branch office, who had eight salesmen under him besides other employees, consisting of stenographers and clerks, requiring the use of eleven desks. The sales made through the New York office were held to be an established course of business, consisting of a systematic and regular obtaining of orders, resulting in continuous shipments from Pennsylvania to New York.

The defendant cannot be held to be doing business in the state of New York, because such business is a substantial part of its main business, as the business received by it from the state (outside of the independent business done by Lashley & Scholes, Inc., its exclusive agent in New York City and Long Island) during its existence, was only 5.59 per cent. of its total business, and that is certainly not a substantial part of the main business.

However, even if it should be held that the defendant was doing business in the state of New York, Miss Maher was not a managing agent of the defendant. Metropolitan Bank of New York v. Baker, etc., Co. (Sup.) 178 N. Y. S. 140, 141; Taylor v. Granite State Provident Ass'n, 136 N. Y. 343, 346, 32 N. E. 992, 32 Am. St. Rep. 749; Franco-American Chemical Co. v. McKee Glass Co. (D. C.) 232 F. 198.

I have examined the authorities submitted by the plaintiff, but they do not seem to sustain plaintiff's contention, because it clearly appears that Miss Maher did nothing more than was to be expected of a mere office assistant, and did not exercise discretion in the exercise of her duties.

The fact that the defendant was informed of the service is not controlling upon its validity. Kramer v. Buffalo Union Furnace Co., 132 App. Div. 415, 416, 116 N. Y. S. 1101; Beck v. North Packing & Provision Co., 159 App. Div. 418, 420, 144 N. Y. S. 602; Goetz v. Interlake Steamship Co. (D. C.) 47 F.(2d) 753, 757.

Motion granted.