## COHEN et al. v. AMERICAN WINDOW GLASS CO.

District Court, S. D. New York.
Sept. 30, 1941.

Meyer Kraushaar, of New York City, for plaintiffs.

Van Vorst, Siegel & Smith, of New York City, for defendant.

RIFKIND, District Judge.

Defendant moves to dismiss on three grounds:

1. the insufficiency of the complaint;

2. the insufficiency of the service of process;

3. lack of jurisdiction of the subject matter.

According to the complaint plaintiffs are Class A stockholders of the defendant. The defendant is a Pennsylvania corporation authorized to do business in New York. The relief requested in the complaint is that:

1. It be determined that a certain dividend heretofore paid to preferred stockholders is an asset of the defendant, recoverable against its directors.

2. A certain plan of merger approved by defendant's directors be declared illegal.

3. The defendant be enjoined both temporarily and permanently from causing the merger plan to be approved by its stockholders.

4. A receiver under the laws of Pennsylvania be appointed.

An application by plaintiffs for a temporary injunction was denied by Judge Conger on August 19, 1941.

The facts relating to the service of process are as follows:

1. Service on Steele.

The summons and complaint were first served on Charles W. Steele who was a salesman in the employ of defendant. Steele's authority is limited to the solicitation of orders subject to defendant's acceptance at its home office in Pittsburgh. He does not have charge of defendant's New York office. He is one of several salesmen soliciting orders out of the New York office, working under the supervision of defendant's New York salesmanager.

If the summons were served in compliance with either federal rule or state practice it would be adequate, Rule 4(d)(7), Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c; Real Silk Hosiery Mills v. Philadelphia Knitting Mills, 3 Cir., 46 F.2d 25. The service effected upon Steele complies with neither federal nor state practice. Steele is not a "managing or general agent" as that term is used in Rule 4(d) (3) F.R.C.P.; nor is he a "managing agent" as prescribed in Section 229(3) of the New York Civil Practice Act.

The general rule is well stated in Taylor v. Granite State Provident Ass'n, 136 N.Y. 343, 32 N.E. 992, 993, 32 Am.St. Rep. 749, where the court said: "A managing agent must be some person invested by

the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it". See also: Diamond v. New York, S. & W. R. Co., D.C., 18 F. Supp. 605; Wolitz v. India Tire Co., D. C., 10 F.Supp. 53; Lauricella v. Evening News Publishing Co., D.C., 15 F.Supp. 671; Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., D.C., 31 F. Supp. 403; Loeb v. Star & Herald Co., 187 App.Div. 175, 175 N.Y.S. 412; Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915; Cochran Box & Mfg. Co. v. Monroe Board Co., 232 N.Y. 503, 134 N.E. 547; Real Silk Hosiery Mills v. Philadelphia Knitting Mills, supra.

Williams v. Bruce's Juices, Inc., D.C., 35 F.Supp. 847 construes a Kentucky statute in the light of the interpretation thereof by the highest court of that state. It does not govern the disposition of the case at bar.

None of the authorities has extended the meaning of managing or general agent to include one who is a mere salesman, locally managed, without discretion in the conduct of the local office except to solicit orders for acceptance by the home office of the corporation. The service upon Steele was, therefore, ineffective.

2. Service upon secretary of state.

■ Copies of the summons and complaint were also delivered to the Secretary of State. The circumstances relating thereto are not in dispute. In 1915 defendant designated Benjamin Griffen as its agent to receive service of process in New York. Griffen died. No subsequent designation of an agent has been filed by defendant. Section 213 of the General Corporation Law of the State of New York provides:

"Existing authority and designation continued. Every corporation which, at the time this section takes effect, has authority to do business in the state pursuant to a certificate heretofore granted by the secretary of state, shall continue to have such authority. The designation heretofore made by any such corporation of a person upon whom all process against it may be served within the state shall continue in full force and effect until the death, resignation or removal from the state of the

person so designated or the filing of an amended statement and designation in accordance with section two hundred fourteen revoking such designation, and thereupon the secretary of state shall become the agent of the corporation upon whom all process in any action or proceeding against it may be served within the state."

This section should be read in connection with Section 229(2) of the New York Civil Practice Act.

A complicating feature is the fact that the pertinent statute was amended after the filing by defendant of its designation of Griffen in 1915. The law then in effect (Section 16 of the General Corporation Law, Laws of 1909, Chapter 28) limited service upon the Secretary of State, in the event of the death or removal of the person designated by the foreign corporation, to "an action upon any liability incurred within this state * * *". Consol. Laws N.Y. c. 23. No such limiting language appears in Section 213 of the General Corporation Law now in effect.

■ The general principles applicable to service upon the Secretary of State can be briefly stated:

1. When a foreign corporation doing business within the state has not appointed a person to receive service of process then service upon a state official pursuant to state statute is valid as to causes of action arising within the state but invalid as to causes of action arising outside thereof. Simon v. Southern Railway, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492; Old Wayne Life Ass'n v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345.

■ 2. When a foreign corporation doing business within the state has designated a person to receive service of process then service upon that person is valid as to causes of action arising anywhere. Bagdon v. Philadelphia & R. C. & I. C., 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann.Cas.1918A, 389, cited with approval in Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610; Smolik v. Philadelphia & Reading Coal & Iron Co., D.C., 222 F. 148.

■ 3. When a foreign corporation doing business within the state has designated a state official as statutory agent to receive service of process then service upon such agent is valid as to causes of ac-

tion arising anywhere if the statute so expressly provides or if the courts of the state have so construed it, Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., supra; but is invalid as to causes of action arising outside the state if the statute does not expressly extend the effect of the service to foreign causes or if the courts of the state have limited the effects of the service to domestic causes. Mitchell Furniture Co. v. Selden Breck Co., 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Missouri Pacific Ry. Co. v. Clarendon Co., 257 U.S. 533, 42 S.Ct. 210, 66 L.Ed. 354.

Section 213 of the General Corporation Law does not expressly make service on the Secretary of State operative with respect to causes of action arising in foreign jurisdictions. The only New York decision construing the language of Section 213, which I have found, limits its effect to domestic causes. Powell v. Home Seekers' Realty Co., 131 Misc. 590, 228 N.Y.S. 131.

Consequently, regardless of whether we treat the case at bar as belonging to the first category or the third category, the service upon the Secretary of State is invalid unless the cause of action can be said to have arisen within the state.

The complaint seeks to restrain any further action with respect to a corporate merger plan on the ground that the plan is in conflict with the contractual rights of the plaintiffs as stockholders. The contract is the charter of the corporation and the stock certificates. Both of these were made in Pennsylvania. The proposed action on the merger is taking place in Pennsylvania. If the plan is consummated the acts leading to consummation will take place in Pennsylvania. It is suggested by plaintiffs that their stock was purchased in New York; but it is not suggested that it was so purchased from defendant. The fact that defendant is soliciting proxies in New York is irrelevant. It is not such solicitation which constitutes alleged breach of contract. The suggestion of plaintiffs that the acts complained of are "interstate" in character is likewise irrelevant and seems to be founded upon a confusion of congressional jurisdiction and the jurisdiction of the district courts. The result is inescapable that the cause of action is one which arose outside the State of New York. Service upon the Secretary of State is, therefore, ineffective to give this Court jurisdiction.

The return of service of the summons and complaint must be quashed and the action dismissed.

Submit order.