COHEN et al. v. AMERICAN WINDOW GLASS CO.

No. 160.

Circuit Court of Appeals, Second Circuit.

Feb. 26, 1942.

Meyer Kraushaar, of New York City, for appellants.

Arthur B. Brenner, of New York City (Van Vorst, Siegel & Smith, of New York City, on the brief), for appellee.

Before L. HAND, CHASE, and C. E. CLARK, Circuit Judges.

C. E. CLARK, Circuit Judge.

This action was brought by plaintiffs as shareholders of the defendant corporation, alleging the illegality of payment of a dividend and the inequity of a proposed merger of the defendant and a wholly owned subsidiary. Jurisdiction was based on the diversity of citizenship of the parties, with the amount involved exceeding $3,000. Defendant moved to dismiss on grounds of failure to state a claim upon which relief could be granted, of lack of proper service, and of lack of jurisdiction over the subject matter because it concerned the internal affairs of a foreign corporation. The district court quashed the return of service of the summons and dismissed the action for lack of proper service. 41 F.Supp. 48. Although we disagree on this point, we concur in dismissal on the ground that the court should not assume jurisdiction over the internal affairs of this foreign corporation.

Defendant is a Pennsylvania corporation authorized to do business in New York. It has an office in New York City and several representatives in the state, upon one of whom, C. W. Steele, a salesman, service was made. It had also designated, pursuant to statute, Benjamin Griffen as a person on whom service could be made. Because Griffen had died and no new representative had been chosen, plaintiffs—not wishing to rely on the service on Steele alone—proceeded under § 229 of the Civil Practice Act, which provides for service on the secretary of state where the designated representative has died.

The district court held that Steele was only a salesman and not within the group enumerated in Rule 4(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or § 229 of the Civil Practice Act, upon whom service could be made as representing the corporation. 41 F.Supp. 48, 49, 50. We agree with its conclusion on this point. But it also held that service on the secretary of state was ineffective. Its finding was that service upon "a state official as statutory agent to receive service of process * * * is invalid as to causes of action arising outside the state if the statute does not expressly extend the effect of the service to foreign causes or if the courts of the state have limited the effects of the service to domestic causes." It decided that this is a foreign cause of action, which is true, and that the New York statute does not "expressly" cover foreign causes of action, which we feel is an overliteral interpretation of the authorities.

At the time Griffen was designated, the General Corporation Law, § 16, Consol. Laws N.Y.1909, c. 23, allowed service upon the secretary of state only for causes of action arising within the state. In 1923, Laws 1923, c. 787, this section became § 111 of the Stock Corporation Law, Consol. Laws, N.Y. c. 59, and the limitation was removed, so that it read "the secretary of state shall be the agent of the corporation upon whom all process in any action or proceeding against it may be served within the state." Section 229 of the Civil Practice Act was not changed, however, and the limitation as to foreign actions was continued there. Under that state of the law it was held that service on the secretary of state in a foreign cause of action was invalid. Powell v. Home Seekers' Realty Co., 131 Misc. 590, 228 N.Y.S. 131. Since that time the limitation under § 229 of the Civil Practice Act has been removed, and § 111 of the Stock Corporation Law has been continued with immaterial changes as § 213 of the General Corporation Law.[1] So far as the statutes

---

[1] That part of N. Y. Civil Practice Act § 229 here material now reads: "Personal service of summons upon a foreign corporation must be made by delivering a copy thereof, within the state, as follows: * * * 2. To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, to the secretary of state as provided by the general corporation law. * * * "

New York General Corporation Law, § 213, is as follows: "Every corporation which, at the time this section takes effect, has authority to do business in the state pursuant to a certificate heretofore

are concerned, the words "in any action or proceeding" seem to cover foreign actions "expressly." Such an interpretation is further justified by § 217 of the General Corporation Law, which provides that service on the secretary of state in actions from courts of *limited* jurisdiction shall be valid only where the cause of action arose within the territorial jurisdiction of the court.

The point is made, however, that even this express authorization is not valid under the authorities. It is true that the Supreme Court did suggest possible constitutional difficulties in Simon v. Southern R. Co., 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492. But later cases seem to have made the matter one only of interpretation of the state law. Thus, in Robert Mitchell Furn. Co. v. Selden Breck Const. Co., 257 U.S. 213, 216, 42 S.Ct. 84, 85, 66 L.Ed. 201, Justice Holmes said: "Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere." See, also, Missouri Pac. R. Co. v. Clarendon Boat Oar Co., 257 U.S. 533, 535, 42 S.Ct. 210, 66 L.Ed. 354; Davis v. Farmers Co-operative Equity Co., 262 U.S. 312, 315, 43 S.Ct. 556, 67 L.Ed. 996; Morris & Co. v. Skandinavia Ins. Co., 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 762.[2] This trend toward allowing state law to govern jurisdiction and venue over foreign corporations reached its furthest step in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, where a designation of agent under state law was a waiver of federal venue. It is difficult to see how procedural due process may be offended as to causes arising out of the state and not as to causes within; the real reason and justification for the statute is that a corporation ought not to gain immunity by disobeying the law directing the appointment of an agent. In view of this later trend,

we consider the Simon case not now an authority to the contrary, and therefore hold that service on the secretary of state is authorized by New York law and is valid.

▌ We turn, then, to the question of whether or not this is a type of action which a federal court in New York ought to consider. Plaintiffs, holders of class A cumulative 7% stock, allege that a dividend of $699,125 paid in 1937 on the 7% preferred stock was illegal under Pennsylvania law when declared and hence is recoverable by the corporation from the directors, and that a proposed merger approved by the directors on June 19, 1941, is illegal and inequitable under Pennsylvania law. In addition to their prayer that these two transactions be declared illegal, plaintiffs ask that the stockholders be enjoined from approving the plan and that "a receiver, a resident of the Commonwealth of Pennsylvania, be appointed * * * with such power and authority as to wind up the corporate affairs as shall be necessary in the premises." This clearly shows that plaintiffs desire action most extensive. One can hardly imagine a more complete interference with the internal affairs of a foreign corporation. We are not unmindful of the fact that Rogers v. Guaranty Trust Co., 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720, the leading case on denial of jurisdiction under these circumstances, is subject to the infirmity of vigorous dissents by Justice Stone (Justice Brandeis concurring) and by Justice Cardozo. It may be that the Guaranty case is no longer valid on its peculiar facts. Compare Comment, 50 Yale L.J. 1448. But both of the dissents take care to indicate that under many circumstances they also would hold that a foreign forum was not the place to thrash out complicated corporate affairs. Their quarrel was over the application of the rule to the case before them. Compare Mr. Justice Stone in Pennsylvania v. Williams, 294 U.S. 176, 185, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R.

granted by the secretary of state, shall continue to have such authority. The designation heretofore made by any such corporation of a person upon whom all process against it may be served within the state shall continue in full force and effect until the death, resignation or removal from the state of the person so designated or the filing of an amended statement and designation in accordance with section two hundred fourteen revoking such designation, and thereupon

the secretary of state shall become the agent of the corporation upon whom all process in any action or proceeding against it may be served within the state."

[2] Stephens v. Richman & Samuels, Inc., 5 Cir., 118 F.2d 1011, certiorari denied 62 S.Ct. 97, 86 L.Ed. ——, appears to suggest that a stricter construction of state statutes is required by these cases than seems to us entirely appropriate.

1166, and Swan, J., dissenting in the Rogers case below, 2 Cir., 60 F.2d 114, 122. Furthermore, it seems proper to observe a definite trend away from decision of non-federal matters in federal courts except where jurisdiction is clear; cases from analogous fields which may be cited include Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L. Ed. 971; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Pennsylvania v. Williams, supra; Note, 50 Yale L.J. 1272; cf. Massachusetts v. Missouri, 308 U.S. 1, 60 S.Ct. 39, 84 L. Ed. 3; Beal v. Missouri Pac. R. Corp., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577.

Plaintiffs seek to avoid the force of this argument by asserting that this is only a suit for enforcement of their contract. Presumably they would argue that, since the prayer for relief is not binding on them, Rule 54(c), Federal Rules of Civil Procedure, they are entitled to any relief in the premises, such as the return of the dividends. But it is clear that the question of illegality of dividends is completely wrapped up in the question of merger. For example, plaintiffs base their argument of illegality on the write-off of assets under the merger. If no merger had been proposed, it is doubtful if a claim of illegality would have been forthcoming. Moreover, plaintiffs assert that if the merger goes through, the directors will be released from liability. It is thus evident that any attempt at determining plaintiffs' contract rights will immediately embroil a court in the complications of the merger. When that point is reached, it is time to go to Pennsylvania.

The cited authorities, including Rogers v. Guaranty Trust Co., supra, state the rule in terms as one of discretion, thus indicating that a court might assume such control as is here involved over the affairs of a foreign corporation. It can be argued that the action should therefore be returned to the district court for the exercise of discretion. Yet appellate courts have not hesitated to reverse such assumption of jurisdiction. Compare Mr. Justice Stone in Pennsylvania v. Williams, supra, and Swan, J., cited above. Here the facts seem to us sufficiently clear that we ought to dispose of the matter. And further facts,

shown by the affidavits of the parties which are available on this motion,[3] support this course. For it appears that on denial of an interlocutory injunction below, defendant went ahead with its stockholders' meeting and other steps, making at least a part of the claims here moot. And further, plaintiffs and others have a comprehensive suit pending in the Allegheny Court of Common Pleas in Pennsylvania, and the action before us is not at all necessary to safeguard their rights.

In the view of the case which we have taken, it is unnecessary to pass on other points pressed by appellee, including the contention that the complaint states no claim upon which relief can be granted.

Modified to dismiss for the reason stated, and without prejudice to the enforcement of their rights by plaintiffs in an appropriate tribunal; as so modified, affirmed with costs to the defendant.

---

[3] Boro Hall Corp. v. General Motors Corp., 2 Cir., Jan. 8, 1942, 124 F.2d 822; Weeks v. Bareco Oil Co., 7 Cir., Dec. 22, 1941, 125 F.2d 84; Gallup v. Caldwell, 3 Cir., 120 F.2d 90.