## UNITED STATES v. NIDERA URUGUAYA, S. A.

United States District Court
S. D. New York.

Oct. 22, 1948.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, of New York City, of counsel), for plaintiff.

Lord, Day & Lord, of New York City, (Thomas F. Daly, Leonard S. Leaman and Sidney S. Coggan, all of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by defendant for an order vacating the service of the summons in this action.

The action was brought to recover damages for the alleged breach of a contract covering the sale of a quantity of linseed oil to the Commodity Credit Corporation, an agency of the United States, to be shipped from Uruguay. The contract, apparently executed in New York City, was signed "Nidera Uruguaya, S.A., Montevideo, Uruguay, By Irving R. Boody & Co., Inc., as Agents, by W. W. Mills". Notice of cancellation of the contract was given to the Commodity Credit Corporation on behalf of defendant in a letter signed "Irving R. Boody & Co., Inc., W. W. Mills, Vice-President", which appears to have been sent in accordance with instructions from defendant. Service of the summons was made on June 18, 1948, at the office of Irving R. Boody & Co., Inc., in New York City, upon Irving R. Boody, Jr., its treasurer and vice president.

Boody, in an affidavit submitted in support of the motion, states that Irving R. Boody & Co., Inc., is a New York corporation acting as "an independent commission agent on imports into the United States, viz., an agent in the business of selling commodities of principals, for which it receives a specified commission as compensation for each sale consummated"; that it represents hundreds of such principals, of which defendant is only one; that it has acted as commission agent for defendant only intermittently—only three times in 1947, and not at all in 1948; that it has never been authorized by defendant to act as its general agent for any purpose, including the acceptance of serv-

ice of process; and that on each occasion when it has acted as commission agent for defendant for the sale of its products it has done so under explicit instructions with reference to each transaction.

It also appears, from an affidavit of one of the attorneys for defendant based upon cables and telephone conversations with officers of defendant, all of whom, together with its directors, reside in South America, that defendant is a corporation organized under the laws of the Republic of Uruguay; that it is a trading corporation conducting business on a worldwide scale from its offices in Montevideo, Uruguay; that its principal executive, financial and accounting offices are located in Montevideo; that no meetings of officers or stockholders are held in New York State; that it maintains no office in New York State and is not listed in the telephone directory; that no directors, officers, stockholders or employees are located in New York State; that it has no books of account, records, bank accounts or property of any sort in New York State; that it maintains no stock of merchandise or samples in New York State; that it has never filed any certificate of doing business in New York State, or designated any person for the purpose of receiving process in New York State; and that it has never authorized Irving R. Boody & Co., Inc., to act as its general agent for accepting service of process, or otherwise.

None of the foregoing facts are controverted by plaintiff, nor is it suggested that there were other activities within this state than those enumerated.

Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that service of the summons upon a foreign corporation shall be made by delivering a copy "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process", or "in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state".

Section 229 of the New York Civil Practice Act provides that service of the summons upon a foreign corporation shall be made by delivering a copy to specified officers, or, "if the corporation lack either of those officers, to the officer performing corresponding functions under another name", or, if such an officer cannot be found, "to the cashier, a director or a managing agent of the corporation".

The question for decision is whether Irving R. Boody & Co., Inc. (or Irving R. Boody, Jr., its treasurer and vice-president) was a managing agent or a general agent of defendant at the time of service of the summons. In my opinion, it cannot be so held.

In Taylor v. Granite State Provident Association et al., 136 N.Y. 343, 346, 32 N.E. 992, 993, 32 Am.St.Rep. 749, the court said: "A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it." See also Cohen v. American Window Glass Co., D.C., 41 F.Supp. 48, 49–50, affirmed on this point D.C., 126 F. 2d 111, 112; Beck v. North Packing & Provision Co., 159 App.Div. 418, 144 N.Y. S. 602.

Clearly, upon the present record, neither Irving R. Boody & Co., Inc. nor Irving R. Boody, Jr., can be said to have been a managing or general agent of defendant. They were mere brokers or commission agents for many principals, of whom defendant was only one. They were not even defendant's sales representatives, with respect to whose powers as constituting a managing agent most of the cases have been concerned. The systematic and regular solicitation of orders through Irving R. Boody & Co., Inc., resulting in continuous shipments, which was held in Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 270, 115 N.E. 915, to make the person in charge thereof a managing agent, is not present here.

Defendant's motion to vacate the service of the summons is granted.