**TOWNSEND v. FLETCHER et al.**
(two cases).

Civ. Nos. 26677, 26678.

United States District Court
N. D. Ohio, E. D.

Nov. 16, 1949.

Dan E. Sammon, Cleveland, Ohio, M. C. Harrison, Cleveland, Ohio, for plaintiff.

Robert G. Day, Warren, Ohio, for defendants.

JONES, Chief Judge.

These are actions for wrongful death and personal injury allegedly caused by defendants' negligence. Since the issues involved are the same and since substantially the same motions have been filed in both cases, the motions will be treated herein as one.

### Defendants' Motions to Dismiss Because of Lack of Jurisdiction.

Service of summons on defendants was made by following the procedure found in the Ohio General Code, §§ 6308-1, 6308-2. These sections provide for service of summons on the Secretary of State when the defendants are non-resident owners or operators of vehicles involved in an accident.

Defendants contend that §§ 6308-1, 6308-2 are available only in actions commenced in the state courts. It is true that 6308-1, 6308-2 state that service may be had on a non-resident defendant through his agent, the Secretary of State, in an action commenced in the state courts. . However, Federal Rules of Civil Procedure, rule 4 (d) (7), 28 U.S.C.A., provides that service in a Federal Court is sufficient if served

in a manner provided by the state law of the state in which service has been made. Under this provision plaintiffs are entitled to use the procedure of 6308-1, 6308-2. Cohen v. American Window Glass Co., D. C., 41 F.Supp. 48; Id., 2 Cir., 126 F.2d 111; Bouchillon v. Jordan, D.C., 40 F.Supp. 354.

The service of defendants by the procedure found in 6308-1, 6308-2 then, gives this Court jurisdiction if the provisions of these sections have been followed. Defendants claim they have not been followed in that it is not shown that defendants were owners or operators of the vehicle, that the summons was not directed to any officer, that the officer to whom it was directed did not serve the Secretary of State and that a true and attested copy of the process was not mailed to defendants.

It is sufficient to state that it is possible to construe plaintiffs' complaints in a manner which would indicate that each defendant either was the owner or operator of the truck involved in the accident. As such they are subject to service under the Ohio statute.

While it does not clearly appear to which Marshal the process was directed, it is clear that the process in this action should have been directed to the Marshal of the Southern District of Ohio. 28 U.S.C.A. § 115, Kuzma v. Witherbee Sherman & Co., D.C., 232 F. 286. Since there is no showing that the summons was not directed to the Marshal of the Southern District and since there are some indications that it was, it is safe to assume that this writ was directed to the Marshal of the Southern District as is required by law.

The returns of service show that a true and certified copy of the process, with the Marshal's indorsement of service on the Secretary of State thereon, was sent to the defendants by registered mail as is required by 6308-1, 6308-2.

The returns also show that service was made by the Marshal of Southern District by his deputy. This is service by the officer to whom the process is directed and that is all that is required by 6308-1, 6308-2.

### Defendants' Motions for More Definite Statements

It is sufficient to state that plaintiffs' complaints are not so ambiguous that defendants cannot frame a responsive answer. Any other information may be obtained by resort to the Rules of Discovery.

### Defendants' Motions to State Each Claim in a Separate Count.

It is true that these actions arose out of a single occurrence, and that there is but one claim involved in each action. The law also seems to be, if the defendants were joint owners of the vehicle and both were in the vehicle at the time of the accident, that both are liable for the negligence of the operator. It may be that this is the theory of plaintiffs' actions. However, plaintiffs' complaints are not so clearly drawn that this theory can be the only one on which they will proceed. To facilitate the clear presentation of the matter set forth, the plaintiffs will be required in each complaint to state the claim against each defendant in a separate count.

The motions for a more definite statement will be overruled, the motions for a separate statement of each claim will be sustained, and the motions to dismiss will be overruled.