**IDEAL TOY CORPORATION, Plaintiff,**

v.

**KAYSAM CORPORATION OF AMERICA, Defendant.**

United States District Court
S. D. New York.

Feb. 21, 1961.

Amster & Levy, Morton Amster, New York City, of counsel, for plaintiff.

Skadden, Arps, Slate, Meagher & Flom, Robert J. Ensher, New York City, Geoffrey M. Kalmus, New York City, of counsel, for defendant.

WEINFELD, District Judge.

The affidavit submitted by the plaintiff's attorney is inadequate to establish that the defendant, a foreign corporation, was engaged in business in this District sufficient to confer jurisdiction over it, or that Gerry M. Kalmanson was a person upon whom service of process on behalf of defendant was authorized under Rules 4(d) (3) and 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendant has submitted clear and unequivocal affidavits which are not controverted and which establish: that the defendant is a New Jersey corporation with its sole place of business in that State; that it has not filed nor applied for authorization to do business in New York State; that it does not maintain, own or lease an office, factory or property in this State; that none of its officers or employees is stationed in New York; that Kalmanson is not, nor has he ever been, a director, officer, employee or managing or general agent of the defendant; that he has never been authorized to receive process on its behalf.

With respect to the sale of defendant's products, the affidavits further establish that solicitation of sales is made through independent manufacturers' representatives who sell throughout the United States on a commission basis; that Kalmanson is such a representative with respect to but a single line of their various products; that he represents a number of other companies and for such purpose maintains a showroom in New York City; that all orders for goods are submitted to the defendant's office in Paterson for acceptance or rejection; that goods are shipped from Paterson and customers are billed from there and all payments received there.

Against this showing the plaintiff relies upon the meager affidavit of an attorney to the effect (1) that the defendant's name is listed in the directory of the building in New York City where Kalmanson maintains his showroom as manufacturers' representative, (2) that one national trade directory lists Kalmanson as defendant's national sales representative, giving his New York City address, and another trade directory lists the defendant under the New Jersey address and also notes "New York: Gerry

Kalmanson," and (3) the Manhattan telephone directory lists defendant, giving its New Jersey address and a New York City telephone, a tie line which rings at the switchboard of defendant in Paterson.

This information is inadequate and indeed fails to establish that defendant's activities within this District are sufficiently substantial, regular or systematic to establish its presence here,[1] and the proof likewise is insufficient to establish that Kalmanson was a person upon whom service of process was authorized.[2]

Accordingly, the motion is granted.

---

1. See Green v. Chicago, B. & Q. Ry. Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L. Ed. 916; MacInnes v. Fountainebleau Hotel Corp., 2 Cir., 1958, 257 F.2d 832; Lopinsky v. Hertz Drive-Ur-Self Systems, Inc., 2 Cir., 1951, 194 F.2d 422 (per curiam) ; Toothill v. Raymond Laboratories, Inc., D.C.E.D.N.Y.1951, 100 F.Supp. 350. Cf. Jaftex Corp. v. Randolph Mills, Inc., 2 Cir., 1960, 282 F.2d 508, 510; Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d

184, certiorari denied 1949, 338 U.S. 867, 70 S.Ct. 141, 94 L.Ed. 531.

2. See Bowles v. Edwards Mfg. Co., D.C. S.D.N.Y.1944, 57 F.Supp. 887, 890; Cohen v. American Window Glass Co., D.C.S.D.N.Y.1941, 41 F.Supp. 48, modified on other grounds, 2 Cir., 1942, 126 F.2d 111; United States v. Nidera Uruguaya, S.A., D.C.S.D.N.Y.1948, 8 F.R.D. 462.